NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SINAI MACCAGNO,<br><br>Plaintiff,<br><br>v.<br><br>PIERRE MACCAGNO, et al.,<br><br>Defendants. | Civil Action No. 20-14691(SDW)(AME)<br><br>**OPINION**<br><br>May 7, 2021 |

**THIS MATTER** having come before this Court upon the filing of a second Amended Complaint ("SAC") by *pro se* Plaintiff Sinai MacCagno ("Plaintiff"), and the Court having reviewed the SAC for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); and

**WHEREAS** Plaintiff's initial Complaint brought suit against nearly two dozen defendants, alleging that her father, Pierre MacCagno, "sexually and emotionally abused" her and that he and the other named defendants violated her rights under the Americans With Disabilities Act ("ADA"). (D.E. 1.) This Court dismissed the initial Complaint for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 3.) Plaintiff's first Amended Complaint named only Plaintiff's father as a defendant and raised a single tort claim for personal injury arising from child abuse, neglect, and molestation. (D.E. 6.) This Court dismissed the Amended Complaint for lack of subject matter jurisdiction and granted Plaintiff a second opportunity to amend, (D.E. 7); and

**WHEREAS** the SAC names Pierre MacCagno and Judge Maureen Mantineo of the New Jersey Superior Court, Hudson County, Family Division as defendants and appears to raise tort

claims arising from abuse, neglect, and molestation that Plaintiff alleges she experienced as a child, (D.E. 8-3); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** subject matter jurisdiction establishes a court's "very power to hear the case," *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, or certain claims between citizens of different states pursuant to 28 U.S.C. § 1332. Because Plaintiff and both defendants are citizens of New Jersey, this Court does not have diversity jurisdiction under § 1332, nor do Plaintiff's tort claims "aris[e] under the Constitution, laws, or treaties of the United States" pursuant § 1331. Although Plaintiff has attempted to invoke this Court's jurisdiction by indicating that this case involves a "United States Government plaintiff," that assertion is untrue. (*See* D.E. 8-3 at 4.)[1] Therefore, this Court lacks subject matter jurisdiction in this matter and Plaintiff's SAC must be dismissed. An appropriate order follows.

                                                                                                   /s/ Susan D. Wigenton
                                                                                **United States District Judge**

---

[1] Nor does the inclusion of Judge Mantineo provide this Court with jurisdiction because Judge Mantineo is a state employee, not a United States Government defendant.

Orig: Clerk
cc: Parties
    Andre M. Espinosa, U.S.M.J.